IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICKO HANKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action File No. |
| vs. | ) |
| | ) |
| UNITED STATES FIRE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

COMES NOW, Ricko Hankins, Plaintiff herein and through counsel files this Complaint against United States Fire Insurance Company and shows this Court as follows:

### 1. **STATEMENT OF SUBJECT MATTER JURISDICTION**

1.1   Defendant United States Fire Insurance Company ("U.S. Fire") is a foreign corporation with its principal place of business in New Jersey and incorporated under the laws of Delaware. Therefore, U.S. Fire is a Citizen of the states of New Jersey and Delaware under 28 U.S.C. 1332 (c)(1).

1.2   Plaintiff is a Citizen of the state of Georgia.

1.3   The matter in controversy exceeds the value of $75,000 exclusive of interests and costs.

### 2. **STATEMENT OF PERSONAL JURISDICTION**

2.1   U.S. Fire sold insurance to Plaintiff in Georgia in the form of an occupational insurance policy.

2.2    The contract was entered into by Plaintiff in Georgia.

2.3    U.S. Fire's activities in Georgia is continuous and systemic.

2.4    The damage to Plaintiff and this cause of action arises out of U.S. Fire's activities in Georgia.

2.5    U.S. Fire is authorized to do business in the State of Georgia and has a registered agent in the State of Georgia.

## 3. STATEMENT OF VENUE

3.1    U.S. Fire's contacts within the Middle District of Georgia, Macon Division, are sufficient to establish personal jurisdiction within the Middle District of Georgia, Macon Division.

3.2    U.S. Fire sells insurance within the Middle District of Georgia, Macon Division establishing sufficient contacts to support personal jurisdiction.

3.3    Under 28 U.S.C. 1391(d) U.S. Fire is considered to be a resident of any district within the state in which its contacts would be sufficient to subject it to personal jurisdiction.

3.4    As U.S. Fire's contacts within the Middle District of Georgia, Macon Division, establish it as a resident of the Middle District of Georgia, Macon Division, venue is proper in the United States District Court, Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. 1391.

## 4. STATEMENT OF FACTS

4.1     U.S. Fire issued a policy of occupational accident insurance to Plaintiff, which was in effect on May 29, 2019.

4.2     On May 29, 2019, Plaintiff was injured in an auto collision. This collision occurred while Plaintiff was working and is considered an "occupational accident" as defined in the policy issued by U.S. Fire to Plaintiff.

4.3     Plaintiff incurred injuries in this occupational accident, which rendered him totally disabled.

4.4     Under the agreement between U.S. Fire and Plaintiff, Plaintiff was owed one hundred and four (104) weeks of temporary disability payments.

4.5     Plaintiff complied with all conditions precedent for receiving disability payments under the contract with U.S. Fire.

4.6     Plaintiff at all times relevant to this action cooperated with U.S. Fire and provided all necessary documentation necessary for U.S. Fire to properly evaluate Plaintiff's claims under the policy.

4.7     On June 5, 2020, U.S. Fire began payment of weekly payments on a bi-weekly basis in the amount of $996.18 to Plaintiff.

4.8      On September 22, 2020 U.S. Fire stopped making the bi-weekly payments to Plaintiff.

4.9     U.S. Fire has paid Plaintiff a total of sixteen (16) weeks of benefits.

4.10    The policy issued to Plaintiff by U.S. Fire provides for temporary total disability payments payable for up to one hundred and four (104) weeks.

4.11    Plaintiff, as of the date of filing this action, remains totally disabled as that term is defined in the policy with U.S. Fire.

4.12    U.S. Fire is liable to Plaintiff for the remaining payments of temporary total disability amounting to eighty-eight (88) additional weeks or forty-four (44) bi-weekly payments of $996.18 totaling 43,831.92

4.13    As a result of the subject collision, plaintiff is permanently and totally disabled.

4.14    As a result of the subject collision, Plaintiff is permanently disabled as that term is defined for Social Security benefits under SSI.

4.15    Under the agreement, Plaintiff is entitled to Permanent Total Disability payments up to the age of seventy (70) starting on June 5, 2022.

4.16    Plaintiff will be forty eight (48) years old on June 5, 2022.

4.17    Plaintiff is entitled to twenty two (22) years of bi-weekly payments.

4.18    The agreement between Plaintiff and U.S. Fire also provides for payment of Plaintiff's medical expenses incurred as result of the occupational accident within one hundred and four (104) weeks of the accident. Plaintiff has incurred medical bills as result of the occupational accident within one hundred and four (104) weeks in the amount of $232,583.00. U.S. Fire has paid only $2,226.00 of these medical bills leaving a total amount owed of $230,357.00.

## 5. **BREACH OF CONTRACT**

5.1    U.S. Fire entered into an agreement to make certain payments to Plaintiff in the event of an injury resulting from an occupational accident.

5.2     Plaintiff incurred an injury as a result of an occupational accident on May 29, 2019.

5.3.    U.S. Fire had failed to make required payments under its agreement with Plaintiff as outlined in section 4 above.

5.4     Plaintiff has completed all conditions precedent to coverage under the policy with U.S. Fire.

5.5.    Plaintiff has cooperated and provided all requested information to U.S. Fire in a timely manner.

5.6     U.S. Fire's failure to make required payments under its agreement with Plaintiff as outlined in section 4 above is a breach of its insurance contract with Plaintiff.

5.7     Plaintiff has incurred damages as set forth in section 4 as a direct result of this breach of contract.

## 6. BAD FAITH

6.1     Plaintiff has incurred a loss which is covered by a policy of insurance issued by U.S. Fire.

6.2     U.S. Fire has refused to pay the loss within sixty (60) days after a demand has been sent by the holder of the policy, Plaintiff, through its undersigned counsel.

6.3     U.S. Fire's refusal to pay was made in bad faith.

6.4     Plaintiff is entitled to damages under O.C.G.A. § 33-4-6

6.5     Plaintiff has complied with O.C.G.A. § 33-4-6(b) by mailing a copy of the demand and Complaint to the Commissioner of Insurance and the Consumer Insurance Advocate by Fist Class Mail within twenty (20) days of bringing this action.

WHEREFORE, Plaintiff respectfully prays for relief from this Court as follows:

(a) That Plaintiff have a trial by jury on all issues;

(b) That Plaintiff be awarded damages from U.S. Fire in the amount of unpaid temporary disability payments, permanent disability payments and necessary medical expenses incurred as a result of the occupational accident on May 29, 2019;

(c) That Plaintiff be awarded additional damages from U.S. Fire, in an amount equal to 50% of Plaintiff's total loss and damages awarded plus all of Plaintiff's reasonable attorney's fees and costs; and

(d) That this Court or jury provide Plaintiff with such other and further relief as it deems just, equitable and proper.

Respectfully submitted this 15th day of February 2022.

/s/ Paul R.Ayerbe
PAUL R. AYERBE
GA Bar No. 029810

Ayerbe & Arnold, LLC
P.O. Box 6073
Macon, GA  31208
(478) 474-2252
fax: (478) 474-2266